## HORATIO N. HOLBROOK *vs.* DAVID DOW.

The *St.* of 1848, *c.* 252, providing that no action shall be brought' to charge an assignee in insolvency personally upon any special promise, unless in writing and signed by him, does not apply to a promise by an assignee to the insolvent debtor to pay a certain sum in consideration of his having arranged a compromise of a suit brought against the assignee.

A party to an action, who is called as a witness, cannot be asked on cross-examination, in order to affect his credibility, about his part in transactions irrelevant to the issue on trial.

A party to an action, called as a witness, was allowed, against his objection, to be asked on cross-examination about matters irrelevant to the issue, in order to test his credibility; and the jury were afterwards instructed that his answers to such questions should have no further influence. He alleged exceptions, which were allowed by the presiding judge, and which stated that no exception was taken to the ruling at the time of permitting the cross-examination. *Held*, that the admissibility of the questions was open to revision in this court.

ACTION OF CONTRACT by an insolvent debtor against his assignee in insolvency. The declaration alleged that the defendant promised, if the plaintiff would procure a settlement of an action brought by Sylvanus Coleman against the defendant, to procure the plaintiff's discharge from certain debts, and make over to him certain accounts, and pay him the sum of fifty four dollars, being the amount of an allowance made to the plaintiff out of his estate by the commissioner of insolvency; and that the plaintiff did procure a settlement of that action, yet the defendant, though requested, had not paid said sum to the plaintiff.

At the trial in the superior court of Suffolk at November term 1857, before *Huntington*, J., the plaintiff offered evidence tending to support these allegations, and to show that the plaintiff's property was sold by him to Coleman, his brother in law, and attached by the defendant before the commencement of the insolvency proceedings, and sold by the defendant since his appointment as assignee, and that this sale was the cause of Coleman's action against him. The plaintiff introduced in evidence the account rendered by the defendant as assignee, and allowed by the commissioner.

The defendant offered evidence tending to contradict the

plaintiff's testimony, and to show that the plaintiff was to have only such allowance as the commissioner ordered, if there was estate to pay it.

The plaintiff, on the cross-examination of the defendant, made inquiries of him in relation to the correctness of the items of his account, in order to show that they were false and the expenditures charged were never made. The defendant objected, on the ground that the correctness of the account was not in issue, and it was not competent to go into it at the trial. But the judge permitted the inquiries to be made, under the latitude of a cross-examination and to test the credibility of the witness, and for that purpose only; and in charging the jury, directed them that his answers to these questions should have no further influence. No exception was taken to this ruling at the time of permitting the cross-examination.

The defendant contended that the promise alleged by the plaintiff, not being in writing, was not binding, by reason of the *St.* of 1848, *c.* 252, which provides that " no action shall be brought to charge an assignee, under any of the insolvent acts of this commonwealth, to answer in damages out of his own estate, upon any special promise, unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by such assignee, or by some person thereunto by him legally authorized." But the judge instructed the jury that this statute did not apply to the case. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*B. Dean*, for the plaintiff.

MERRICK, J. The defendant has no just cause of complaint of the instructions of the presiding judge, except in one particular; but in that the ruling appears to have been erroneous, and the exception taken to it must therefore be sustained.

The credit of a witness can be impeached upon the ground of personal character and conduct, only by showing that his general reputation for truth and veracity is bad. Certainly it is a fixed and established rule in the law of evidence, that it is not

competent, for the purpose of creating a distrust of his integrity and of thus disparaging his testimony, to prove particular acts of alleged misbehavior and dishonesty in relation to matters foreign to all the questions which are involved in the trial. This point, says Mr. Greenleaf, has heretofore been much the subject of discussion, but it must now be considered as settled and at rest. 1 Greenl. Ev. § 461. *Commonwealth* v. *Moore*, 3 Pick. 194. Keeping this rule in view, it is obvious that the permission given to the plaintiff to inquire of the defendant, upon his cross-examination, whether some of the items stated in the account which he had rendered as assignee of the estate of the plaintiff were not false, and whether he had not inserted in it charges for pretended expenditures which had never in fact been made, was unauthorized and erroneous. These inquiries related to matters which had no connection with, or bearing upon, the question in controversy between the parties. The claim which the plaintiff was endeavoring to establish, and to recover by the prosecution of his suit, was founded upon an alleged promise of the defendant to pay him the sum of fifty four dollars : a promise which the latter denied that he ever had made. The fact that in other instances he had acted unfairly, or in a manner evincing a want of integrity, would have no tendency, if shown, to prove or disprove the alleged indebtedness. It was not thought that it would, nor was that the purpose for which the questions objected to were proposed to the defendant. They were asked in order to obtain statements in reply respecting particular acts of supposed misconduct and dishonesty, in order thereby to affect his standing and credit with the jury. The court held that for this purpose, at least in the latitude of a cross-examination, the inquiries ought to be permitted; and the jury were accordingly directed to allow the answers to have no other influence than this. Such a direction necessarily implied that proof of particular acts of misconduct was a legitimate mode of impairing the credit and of disparaging the testimony of a witness. This was a mistake. The defendant, being a general witness under the provisions of the statute, was subject to all the responsibilities which the law attaches, and entitled to all the protection

which it affords, to persons standing in that relation. *St.* 1857, *c.* 305. He was to be presumed, like all other persons called upon to give evidence in judicial proceedings, to be capable of supporting at once, and in any emergency however sudden, his general reputation, but as not likely to be prepared to answer, without notice, in relation to his conduct in the management of affairs in particular instances, foreign to the subject of present investigation. Besides this, he was a party to the suit, as well as a witness upon the trial, and his rights in each of those relations were to be respected. His attention was not to be diverted from the issue to be tried to a vindication of his character from particular aspersions which were pointedly insinuated, under the guise of interrogatories, against it. He had not himself introduced his account as assignee into the case, nor attempted in any way to avail himself of any advantage by it. It was laid before the jury by the plaintiff. There is no pretence that the account, or the manner in which it had been kept, was entitled to have any influence or effect in the determination of the question of fact in controversy between the parties; and being thus wholly immaterial to the issue, the defendant had a right to insist that all inquiries concerning it should be rejected.

The inquiries which were allowed were not competent for any purpose; not to explain or discredit the account, for none of its items were embraced or involved in the issue to be tried; nor to disparage the credit, or to invalidate the testimony of the defendant as a witness, because the investigation of particular and isolated transactions is not warranted by any of the rules of law as a legitimate method of impeachment. It is not necessary to consider what was the effect of permitting those inquiries to be made, or to speculate upon the probability that a party to the suit, who is also a witness, possessing, as it may be supposed, the most complete knowledge of all the matters to which they relate, would be able at once to protect himself from injurious imputations, and afford, without hesitation, every explanation requisite to his exculpation. He has just ground of exception, if the course of proceedings was such as to place him under an examination to which he ought not to have been

subjected, and by which his rights may have been impaired or prejudiced.

It has been suggested, that as the exception in relation to the cross-examination of the defendant was not formally taken at the time of the ruling, he was not afterwards entitled to avail himself of the supposed error in the proceedings which were allowed. But it appears that the inquiries of the plaintiff were specially objected to as soon as they were proposed; and as it is not intimated that there was afterwards any waiver of the objection, it may fairly be presumed that the defendant intended to insist upon it. His omission to give formal notice of such intention, if it was otherwise understood, ought not to deprive him of his right to ask for an allowance of his exceptions. They were in fact allowed by the presiding judge, and are regularly before us for adjudication. *Exceptions sustained.*